Owen McGivern, J.
Motion to confirm award denied; cross motion to vacate granted, and rehearing directed before the same arbitrator, pursuant to the penultimate paragraph of section 1462 of the Civil Practice Act.
While there is some dispute in the affidavits, it would appear that the copy of the contract delivered to the arbitrator at the close of the hearing differed from the true contract between the parties. The difference may very well have affected the award.
Such a mistake would appear to' constitute other undue means ” within the meaning of subdivision 1 of section 1462 of the Civil Practice Act. Petitioner describes Fudickar v. Guardian Mut. Life Ins. Co. (62 N. Y. 392 [1875]) as One of the leading cases on this subject ” and states that despite its antiquity the views expressed therein are just as modern and fresh and correct as if they had been announced today.” The following appears in the opinion in that case after the excerpt quoted by petitioner: The general principle is .subject to the qualification that awards may be set aside for palpable error of fact, like a miscalculation of figures, or mistake of that nature.” (62 N. Y. 400.)
*767 The instant mistake, to wit, the use by the arbitrator of an inaccurate copy of the contract between the parties, is a mistake of like nature.
Resubmission to the same arbitrator does not require a full hearing de novo, but the arbitrator may reconsider the matter on the basis of the prior hearing 'and such additional evidence as he may require (Matter of First Nat. Oil. Corp. [Arrieta], 2 Misc 2d 225, 234, affd. 2 A D 2d 590; Matter of Trophy Hand-bags v. Craft Ind. Case Corp., 156 N. Y. S. 2d 45, 46, affd. 3 A D 2d 733).
None of the other objections to the award urged by the respondent would warrant denial of the motion to confirm. Settle order.